***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 6; dispositional portion of jurisdictional judgment reversed and remanded, otherwise affirmed February 9, 2023

In the Matter of L. C. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. J. R.,
*Appellant.*

Lane County Circuit Court
22JU02663; A179296

Valeri L. Love, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Kyle Sessions, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Dispositional portion of jurisdictional judgment reversed and remanded; otherwise affirmed.

**ORTEGA, P. J.**

Mother appeals a jurisdictional judgment in this dependency case concerning her child, L, arguing that the trial court erred in ordering her to submit to a psychological evaluation if requested to do so by the Department of Human Services (DHS). Mother asserts that the trial court's order was erroneous in light of *Dept. of Human Services v. F. J. M.*, 370 Or 434, 520 P3d 854 (2022). DHS concedes the error. As explained below, we find that concession to be well taken, and therefore reverse and remand.

Mother entered into an agreement with DHS that she would admit to two bases for the court's jurisdiction over her child, and the agreement also provided that mother would participate in certain services. The agreement did not contain any provision regarding a psychological evaluation. At the jurisdictional hearing, mother admitted to the agreed-upon bases for jurisdiction, and the court accepted her admissions. Thereafter, DHS requested that the court also include a provision in the judgment that mother participate in and successfully complete a comprehensive psychological evaluation if requested to do so by DHS, and the court included that provision, over mother's objection. In *F. J. M.*, the Supreme Court addressed the circumstances under which a court in a dependency proceeding could order a parent to undergo a psychological evaluation and noted several requirements that must be satisfied before a court could order such an evaluation. 370 Or at 446-47. As pertinent here, the court focused on the statutory term "needed," as used in ORS 419B.387 (treatment "needed by [the] parent to correct the circumstances that resulted in wardship or to prepare the parent to resume care of the ward"). *Id.* The court concluded that, before providing that a parent undergoes a psychological evaluation, the juvenile court "must engage in a fact-specific inquiry that depends on the circumstances of each individual case, and its finding of need must be grounded in the evidence presented at the evidentiary hearing." *Id.* at 447. The court then detailed the factors for a court to consider in evaluating that evidence. *See id.* at 447-48. Here, however, no such evidentiary hearing occurred. Under these circumstances, we agree with the parties that

the court lacked authority to include in the jurisdictional and dispositional judgment the provision concerning the psychological evaluation. We therefore reverse and remand with instructions for the court to delete the requirement that mother participate in a psychological evaluation if required to do so by DHS.

Dispositional portion of jurisdictional judgment reversed and remanded; otherwise affirmed.